UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| IVAN FICKEN, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No.: | 04-1132 (RMU) |
| | ) | | |
| CONDOLEEZZA RICE, *et al.*, | ) | Docket Nos.: | 32, 37, 47 |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant ACT, Inc.'s motion to dismiss.[1] For the reasons stated below, the motion will be granted.

**I.  BACKGROUND**

ACT, Inc. ("ACT") "is an independent, not-for-profit organization that provides research, information and assessment services." Statement of Points and Authorities in Support of Defendant ACT, Inc.'s Motion to Dismiss Complaint ("ACT Mot.") at 2. It is "the organization that administers the Foreign Service Written Examination, in conjunction with the Program Assistant in [the State Department's Office of Recruitment, Examinations, and Employment], [and] schedule[s] the candidates who have passed for the Oral Assessment." Memorandum in Support of Defendant Rice's Motion to Dismiss or, in the Alternative, for Summary Judgment ("State Dep't Mot."), Declaration of Arthur F. Salvaterra ¶ 5.

Ficken, then 57 years old, took the Foreign Service Written Examination ("FSWE") for

---

[1]  Also before the Court is Plaintiffs' Motion to Strike ACT, Inc.'s Motion to Dismiss [#37] and Request for Reconsideration of the Court's Order Issued Aug. 7, 2006 [#47]. Both motions will be denied.

the first time in November 2000. Complaint ("Compl.") ¶ 11. The FSWE "consist[ed] of three sections that are multiple choice questions and one or more sections which require the candidate to write a timed essay upon one of several choices of topics." *Id.* ¶ 10. According to Ficken, the Biographic Information section of the FSWE "was particularly ill timed," such that he was "not [] able to finish approximately the last nine or ten questions when time was called." *Id.* ¶ 12. ACT allegedly "placed [Ficken's total] score a few points below the minimum score of 158 that was necessary to receive a passing grade with the result that neither of his essays written during the test would be graded and his application for employment with the Foreign Service could not proceed further." *Id.* ¶ 13.

Ficken filed a discrimination complaint against the State Department alleging that the November 2000 FWSE was "inherently age discriminatory." Compl., ¶ 14. In Ficken's view, an older person with "a greater number of life experiences upon which to draw" faced greater time constraints than a younger person in completing the Biographic Information section of the test. *Id.* Ficken and the State Department entered into an Informal Resolution of this discrimination claim, pursuant to which the State Department allowed Ficken to take the FWSE's Biographical Information section again in August 2001. State Dep't Mot., Ex. 1 (August 1, 2001 Informal Resolution). In relevant part, the Informal Resolution provided:

  a.   Mr. Ficken will be provided with his original test booklet and answer sheet and allowed 30 minutes to complete the portions of the [Biographical Information section] that he was unable to complete when he originally took the FSWE on November 29, 2000.

  b.   Subsequent to Mr. Ficken's completion of the [Biographical Information section] on August 2, 2001, [that section] will be re-scored, and his total score on the multiple-choice section of the FSWE will be recalculated.

        c.        If Mr. Ficken's total score is at or above the passing score for the multiple-choice section of the FSWE, Mr. Ficken's essay from the November 29, 2000 FSWE will be scored on an expedited basis.

*Id.* at 1-2. Only if Ficken passed the FSWE would he have been scheduled for the Oral Assessment. *Id.* at 2. Although Ficken achieved a passing total score, 164 points, on the multiple-choice section, his "essay was not given a passing score." Compl. ¶ 15.

      Plaintiffs allege that Ficken's "application for employment in the State Department's Foreign Service was terminated in January to August, 2001 because of his age (inability to finish those portions of the FSWE [which test was developed by, timed by and graded by ACT] in the time allotted)[.]" Compl. ¶ 183 (parentheses and brackets in original). In addition, plaintiffs allege that ACT "was under an implied contract to ensure that Ficken's essay was graded in accordance with the same standard that would apply to grading other FSWE essays when they would arrive in bulk at ACT's headquarters after the annual FSWE testing cycle." *Id*. ¶ 189. They claim that ACT "breached that implied contract . . . by applying a more rigorous grading standard to the grading of Ficken's essay for the year 2000 FSWE exam out of retaliation for his EEO complaint." *Id.* ¶ 190.

      Lastly, plaintiff Ivanof alleges that ACT caused him to suffer emotional distress because, had "Ficken not suffered discrimination, retaliation and breaches of implied contract and duty . . . and had he been able to receive an appointment in the Foreign Service, Plaintiff Ivanof would have been able to attend an American based school." *Id.* ¶ 195. Because Ivanof attended a Romanian school for the 2001-02 school year instead of the American International School in Bucharest, plaintiffs allege that Ivanof "learned nothing, due to not knowing the language of instruction," and "suffered repeated and continual harassment, ridicule, threats of violence, and

actual violence perpetrated against his person, which caused him great and continuing emotional distress." *Id.* ¶ 196.

## II.   DISCUSSION

### A.   *Service of Process on ACT*

Review of the record indicates that ACT was served with process on January 18, 2005. *See* Dkt. #7 (Notice and Acknowledgment of Receipt of Summons and Complaint By Mail).  It appears, then, that service was not effected within 120 days as is required under Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiffs are proceeding *pro se* and *in forma pauperis* in this action.  In this capacity, they rely on the Clerk of Court and the United States Marshals Service to effect service on their behalf.  *See* 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(2).  *Pro se* plaintiffs who depend on the Clerk of Court and the United States Marshals Service to effect service of process should not be penalized for a court officer's failure or mistake in properly effecting service of process.  *See Mondy v. Secretary of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring).  Accordingly, the Court will deny ACT's motion to dismiss for defective service of process.

### B.   *Employment Discrimination Claims*

Plaintiffs do not appear to raise a claim of discrimination based on race, color, religion, sex, or national origin, *see* 42 U.S.C. § 2000e-16(a), and from this the Court concludes that Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, as amended, does not apply. The one clear basis of plaintiffs' claims appears to be employment discrimination against Ficken

based on his age.

Under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. § 621 *et seq.*, an employer shall not "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. Further, the ADEA prohibits an employer from discriminating against "any of his employees or applicants for employment . . . [if] such individual . . . has opposed any practice made unlawful . . . , or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation" under the ADEA. 29 U.S.C. § 623(d).

Plaintiffs appear to put the State Department and ACT on equal footing, *see* Plaintiffs' Response in Opposition to Defendant ACT, Inc.'s Motion to Dismiss Plaintiffs' Complaint at 20 (asserting that "ACT stands in the shoes of" the State Department), and, thus, appear to raise employment discrimination claims against both entities.[2] Their claims against ACT, however, must fail. The ADEA applies to an *employer*. Although Ficken applied for employment with the State Department, the complaint alleges neither the existence of an employment relationship between Ficken and ACT, nor the intention to create an employment relationship between Ficken and ACT. ACT, therefore, cannot be held liable under the ADEA. *See Sherwood v. Evans*, 422 F. Supp. 2d 181, 184 (D.D.C. 2006) (ADEA liability "is not triggered against the federal government unless the complainant is an 'applicant for employment' of a federal agency"); *see*

---

[2] Pursuant to the Court's January 17, 2006 Memorandum Opinion and Order, the Court granted summary judgment for the State Department on plaintiffs' employment discrimination claims with respect to the 2000 FSWE, which ACT developed, administered and scored.

*also Redd v. Summers*, 232 F.3d 933, 940 (D.C. Cir. 2000) (concluding that government agency was not employer for purposes of Sec. 501 of the Rehabilitation Act absent showing that it had right to control means and manner of worker's performance); *Amiri v. Stoladi Property Group*, 407 F. Supp. 2d 119, 125 (D.D.C. 2005) (no Title VII liability for defendant which contracted with plaintiff's employer to provide security services on properties under defendant's management).

Plaintiffs' retaliation claim, too, must fail. According to plaintiffs, ACT retaliated against Ficken for his having filed an age discrimination claim against the State Department. Again, the ADEA contemplates an employment relationship, and there is no such relationship alleged in the complaint between Ficken and ACT. ACT cannot be held liable under the ADEA on the ground that it retaliated against an applicant for employment with another entity.

### C.    *Breach of Contract Claim*

Plaintiffs allege that ACT breached an implied contract to grade Ficken's essay under the same standard applied to essays received in bulk with each annual FSWE testing cycle. *See* Compl. ¶ 189. According to plaintiffs, ACT's duty arises from the August 1, 2001 Informal Resolution. *Id.* However, ACT is not a party to the Informal Resolution. *See id.* ¶ 15; State Dep't Mot., Ex. 1 at 1 (listing parties as State Department's Bureau of Human Resources, Board of Examiners, and Ficken). Plaintiffs do not establish grounds for ACT's liability under a contract to which it was not a party, and their breach of implied contract claim against ACT must fail. *See, e.g., Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Washington, D.C. v. Beards*, 680 A.2d 419, 432 (D.C. 1996) (affirming dismissal of breach of contract claim where trial court "found nothing in the complaint to indicate that [plaintiff] had an employment

contract with [defendant]"), *cert. denied*, 520 U.S. 1155 (1997); *see also Patriot, Inc. v. United States Dep't of Hous. and Urban Dev.*, 963 F.Supp. 1, 6 (D.D.C. 1997) (dismissing implied contract claim because plaintiff failed to demonstrate "offer, acceptance, or consideration-all essential elements of a contract which are required to succeed on an implied contract claim"); *Novecon Ltd. v. Bulgarian-Am. Enter. Fund*, 190 F.3d 556, 564 (D.C. Cir. 1999) (citing *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995)) (both agreement on material terms and parties' intention to be bound are necessary elements of enforceable contract), *cert. denied*, 529 U.S. 1037 (2000).

### III.   CONCLUSION

The Court concludes that plaintiffs fail to establish ACT's liability under the ADEA or under an implied contract. Given the Court's resolution on Ficken's discrimination, retaliation and contract claims against ACT, Ivanof's emotional distress claim necessarily fails. Accordingly, ACT's motion to dismiss will be granted. An Order consistent with this Memorandum Opinion is issued contemporaneously herewith this 29th day of March, 2007.

RICARDO M. URBINA  
United States District Judge