UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IVAN FICKEN, etal

       Plaintiffs,

vs.                                          CIVIL ACTION NO. 04-1132 (RMU)

HILLARY RODHAM CLINTON
Secretary of State, etal

       Defendants.

---

## PLAINTIFFS' MOTION FOR CERTIFICATION OF THIS CASE AS A CLASS ACTION UNDER THE PROVISIONS OF FRCP 23(c)(1)

### I. UNDERLYING RATIONALE FOR GRANTING THIS MOTION

In accordance with the provisions of FRCP 23(c)(1) and LCvR 23.1(b) Plaintiffs request that this case be certified as a class action. In giving consideration to this request, Plaintiffs draw the Court's attention in particular to the provisions of the above cited local rule, speaking to the issue of the normal 90 day time period—"… unless the court in the exercise of its discretion has extended this period,…" and the local rules comment concerning it that *"This amendment makes clear that the court may enlarge the 90-day period within which the motion for certification is to be filed."* Plaintiffs ask the Court to review the record of the September 1, 2009 Scheduling Hearing at which Ficken made a telephonic appearance and during which hearing he specifically asked the Court to certify this case for class action status, which the Court did not reject but simply referred Ficken to take it up with the Court's *Pro Se* counsel (who the Court had requested to be present at the hearing, everyone knowing, and especially the *Pro Se* counsel knowing that by Court rules, she is not

RECEIVED Mail Room MAY 20 2011 Angela D. Caesar, Clerk of Court U.S. District Court, District of Columbia

authorized to give legal advice). The Court did make the observation during that Sept. 1, 2009 hearing that *any* class action was required to have licensed representation, and for which Plaintiffs remind the Court of their original request for appointment of counsel, made near the beginnings of this case, and which had initially been declined only at that particular point in time without prejudice to apply again later, which Plaintiffs do so here. (While Plaintiffs have not discussed such a request with DOJ Counsel for DOS, in the past various DOJ Counsels have told Ficken that DOJ never opposes a request for appointment of Counsel.)

## II. CONFORMANCE OF THE FACTS AND ISSUES OF THIS CASE TO THE CRITERIA OF FRCP AND LOCAL RULES WHICH JUSTIFIES GRANTING THIS MOTION.

In accordance with FRCP 23 and LCvR 23.1, Plaintiffs set forth the following information and allegations in numbered paragraphs, addressing the requirements of LCvR 23.1 first.

1. This suit is properly maintained under the following provisions of FRCP 23:

2. In justifying this claim, the following allegations are provided, correlated with the subheadings of subsection (a)(2) of LCvR 23.1.

3. (i) While the precise size of the class is unknown to Plaintiffs (the size statistics being wholly within the control of Defendant DOS for which Plaintiffs need the tools of the discovery process to force Defendants to disclose those statistics), even for the single year's worth of statistics that DOS submitted in their 69 page list of Oral Assessment applicants for the year 2002 (Exhibit 10 of DOS's Motion for Summary Judgment), there were approximately 520 personnel taking the Oral Assessment over the age of 40, and of that number, there were approximately 155 personnel over the age of 50, and of that number, there were approximately 45 of whom were over the age of 55, where, even using the straight *overall* percentage of 73.5% that DOS claims is the average failure rate for all personnel who take the OA, as Plaintiffs demonstrated in their opposition to Defendant's Motion for Summary Judgment, that failure rate is progressively

considerably higher among older applicants. But these statistic furnished in the 69 page printout for 2002, comprise only one year. Multiply that by all the years during which DOS essentially did not change their OA testing procedures from what they were in 2002 (both backwards and forward in time, at least until 2006 when DOS changed their methodology to give measured consideration to an applicant's past experience, and one has a total of at least many hundreds and almost certainly, into the thousands of older applicants who potentially were affected by DOS's age discriminatory OA passing procedures. The point here is simply that there is a sufficiently large class of personnel to justify certifying this case as a class action.

4. (ii) Plaintiff contends that he is adequately representative of the class because, as someone in the highest five year (actually only four plus years due to DOS's claimed restriction of only allowing personnel 59+ years old to take the OA test) he is in each of the progressively higher age groups of people against whom the test discriminates, i.e., those over 40, in addition to those over 50, in addition to those over 55.

5. (iii) The questions of law and fact that are common to the class include, but may not be limited to, to what extent did DOS violate its legal obligation not to, as well as its own stated denial of discriminating against older applicants, where, at least intuitively, simply due to older applicants having a greater number of years' experience in the world, one would expect that an older applicant would perform better in an environment of the OA, an opinion which was confirmed by DOS's own past Director of FSO recruitment, Arthur Salvaterra, who, in Ficken's own EEO file stated that at first they were "concerned" that older applicants would do better on the OA until they got an industrial psychologist to attempt to cancel out that experiential advantage (which is *prima facie* evidence of age discrimination, because essentially "experience" is nearly the only thing which an older applicant has going for them in the marketplace for work), until

then later, in 2006, reversing themselves upon the advice of the consulting firm, McKinsey & Co., who was shocked that they didn't value experience.

6. (iv) In accordance with this section, Plaintiffs make the following allegations in support of the finding required by FRCP 23(b)(3):

7. Plaintiffs allege that, in accordance with FRCP 23(b)(3), the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

8. In further accordance with FRCP 23(b)(3)(A), the sheer lack of any previous class action suit against DOS for age discrimination in their Oral Assessment, *coupled with* DOS having completely revamped their FSO testing procedures in 2006 to give favorable weight advantage to an applicant's past experience (by including new additional experience evaluation steps between the written test and the OA) now means that as time goes on, there is less and less likelihood that *anyone* who had experienced the OA under the old testing system would even be eligible to file an age discrimination suit, simply due to the passage of time that would render most such attempts beyond the statute of limitations. I.e., This may well be the last or one of the last attempts at holding DOS accountable for their previous flawed FSO evaluation system that completely discounted an applicant's experience.

9. In further accordance with FRCP 23(b)(3)(B), to the best of Plaintiffs' knowledge and belief, no prior litigation concerning this controversy has already begun by any class members, and for the reasons explained in ¶8, is unlikely to at this point.

10. In further accordance with FRCP 23(b)(3)(C), given DOS's headquarters in "Foggy Bottom," Washington, DC, and with the DC Circuit being considered the most influential and prestigious

among all the Federal Judicial Circuits, this Court clearly has at least as good a claim of "desirability" of "concentrating the litigation of claims in (this) particular forum" as any other forum, and probably a far better reputation of desirability.

11. In further accordance with FRCP 23(b)(3)(D), this Court should have no greater difficulty than any other, and since all of the information concerning the composition of the "class" is totally within Defendant DOS's control, in terms of the numbers and composition of personnel over age 40 who attempted the OA and failed it, the Court can easily force Defendants to divulge that information, which should greatly facilitate managing this class action.

12. Reverting away from mere compliance with LCvR 23.1(a)(2)(iv)'s requirements and returning to the main section of FRCP 23(a) "Prerequisites", starting with subsection (1), obviously the class is so numerous that joinder of all members is impracticable.

13. Regarding FRCP 23(a)(2), and referencing the similar requirements discussed in ¶7, *supra,* the questions of law or fact common to class members predominate over any questions affecting only individual members, meaning that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

14. Regarding FRCP 23(a)(3), the claims and defenses of Plaintiff are typical of, and, at least similar enough to, the claims or defenses of the class, regardless that Plaintiffs had been in Romania during some of the time in which DOS failed to adhere to an age neutral hiring policy, particularly due to their presence in the US since 2006, and particularly as evidenced by Plaintiffs' resolve to carry forward this lawsuit during the past more than seven years, that the Court can be confident that there are equally many other DOS FSO applicants over the age of 40 at the time they took the OA and who failed to pass for one reason or another due to their age,

who are either uninformed of their rights or believe that it would be hopeless to assert their rights against DOS.[1]

15. Regarding FRCP 23(a)(4), Plaintiffs believe that they will fairly and adequately protect the interests of the class, and, as proof, Plaintiffs bring to the Court's attention their enduring resolve in prosecuting this and other "related cases", even when faced with formidable odds against them in living in Romania between 2001-2006, and even if that is insufficiently convincing to the Court, in terms of Plaintiffs' competence, then, simply due to the probable financially attractive prospect of *any* litigation specialist prosecuting a large scale class action suit, and bearing in mind Plaintiffs' repetitive requests in this and their other related cases to have the Court appoint counsel, the Court should find it relatively easy to find a counsel willing to assume this litigation on a percentage contingency fee basis, and/or, if not, then even Plaintiffs might find it easier than they have in the past (regarding trying to attract contingency fee counsel to represent them in their related cases) to find an experienced litigation specialist to represent the class, given that a class action requires a licensed experienced litigator to handle the class action.

16. Regarding FRCP(b)(1)(A), this class action should be maintained to prevent "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class", where, at least one inconsistency would be that too many FSO applicants, being faced with DOS's grim passing

---

[1] The sheer fact of this Court having granted DOS's Motion for partial summary judgment in its March 24, 2011 Order does not in any way obviate both the necessity and eligibility for this case to be certified for a class action due to 1. Plaintiff's disparate impact claim, even standing alone, would equally qualify for class action certification in that the rationale behind it would tend to equally be shared by a large body of other FSO applicants over the age of 40, and 2. Both from the language of that March 24, 2011 Order as well as extraneous comments made by the Court concerning Plaintiffs' filings, both in this case and Plaintiffs' related cases in the past, the Court appears to hold an adverse opinion concerning almost *all* of Plaintiffs' filings in these cases, which, by appointing an experienced employment law

percentages for those taking the OA, due to the perception that their likelihood of success might not make it worthwhile or justify even paying the Court filing fee, would simply give up and not even try to enforce their claims.

17. Regarding FRCP23(b)(1)(B), while Plaintiffs do not know to what degree their prosecution of their lawsuit individually would create a risk that it might be "dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests", clearly Plaintiffs' desire to take up the burden of this class action, when few or no other over age 40 FSO applicants have done so, could hardly harm those other FSO applicants who have not done so, most probably because those other applicants assumed that, financially, it wasn't worth it, so they could hardly be worse off by Plaintiffs trying.

18. Regarding FRCP23(b)(2), so far DOS has "refused to act on grounds that apply generally to the class, so that injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

19. Regarding FRCP23(b)(3) (prior to any subheadings), clearly "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

20. Regarding FRCP23(b)(3)(A), due to the lack (to the best of Plaintiffs' knowledge and belief) of any other over age 40 FSO applicants having filed any individual or class actions against DOS to enforce any claims of age discrimination, the class members have shown a marked disinterest "in individually controlling the prosecution … of separate actions."

---

specialist as counsel in this case, for which this motion asks, and which has been asked for in the past, would

21. Regarding FRCP23(b)(3)(B), to the best of Plaintiffs' knowledge and belief, there has not been "any litigation concerning the controversy already begun by ... class members."

22. Regarding FRCP23(b)(3)(C), repeating ¶10, given DOS's headquarters in Washington, DC and DC being the nation's capitol, with the DC Circuit being considered the most influential and prestigious among all the Federal Judicial Circuits, this Court clearly has at least as good a claim of "desirability" of "concentrating the litigation of claims in (this) particular forum" as any other forum, and probably a far better reputation of desirability.

23. Regarding FRCP23(b)(3)(D), repeating ¶11, this Court should have no greater difficulty than any other, and since all of the information concerning the composition of the "class" is totally within Defendant DOS's control, in terms of the composition of over age 40 personnel who had taken the DOS Oral Assessment, the Court can easily force Defendants to divulge that information, which should greatly facilitate managing this class action.

## III. CONCLUSION

For the above stated reasons of the facts and issues of Plaintiffs' case conforming to the requirements of the FRCP and Local Rules regarding certification of a class action, the Court should certify this case as a class action.   Respectfully submitted,

_____
Plaintiff Ivan Ficken, Individually

_____
Plaintiff Ivan Ficken, for and on behalf of his
adoptive son, Plaintiff Ciprian Ivanof

---

dramatically help Plaintiffs' chances of success, both individually as well as in the litigating it on behalf of the class.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IVAN FICKEN, etal

       Plaintiffs,

vs.                                        CIVIL ACTION NO. 04-1132 (RMU)

HILLARY RODHAM CLINTON
Secretary of State, etal

       Defendants.

---

## ORDER

Upon consideration of Plaintiffs' Motion for Certification of this Case as a Class Action, it is hereby

ORDERED that Plaintiffs' Motion for a Certification of this Case as a Class Action be granted and that the Court will appoint Counsel to proceed with prosecuting this case as a Class Action..

                                                                         RICARDO M. URBINA
                                                                        United States District Judge

Dated:

## CERTIFICATE OF SERVICE

I hereby certify that on the 17TH day of May, 2011 a copy of **PLAINTIFFS' MOTION FOR CERTIFICATION OF THIS CASE AS A CLASS ACTION UNDER THE PROVISIONS OF FRCP 23(c)(1)** in case no. CV 04-1132 was served by first-class mail postage prepaid upon Defendants at their Counsel's following address:

Alexander D. Shoaibi, Assistant United States Attorney
U.S. Department of Justice
United States Attorney, District of Columbia
Judiciary Center
555 4th Street, N.W.
Washington, DC. 20530


Mathew H. Kirtland & Robert A. Burgoyne
Fulbright & Jaworski, L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, DC. 20004


Joseph Crociata, Andrew Butz and Dawn Singleton
Bonner Kiernan Trebach Crociata, LLP
1233 20th Street, NW, Suite 800
Washington, DC. 20036

_____
Plaintiff Ivan Ficken, individually

_____
Plaintiff Ivan Ficken, for and on behalf of
his adoptive son, Plaintiff Ciprian Ivanof